UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **ROBERT SMITH (#579741)** | **DOCKET NO. 1:17-CV-1310-P** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **TERRANCE HAULCY, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Robert Smith (#579741). Plaintiff has been granted leave to proceed *in forma pauperis*. (Doc. 5). Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at David Wade Correctional Center in Homer, Louisiana ("DWCC"). He names as defendants Captain Terrance Haulcy and Lt. Kidd. Plaintiff claims he has been subjected to cruel and unusual punishment through "repeating sexual harassment." (Doc. 1, p. 3).

On November 1, 2017, Plaintiff was ordered to amend his complaint. (Doc. 6). The amended complaint was due December 1, 2017. To date, Smith has failed to comply with the Court's order instructing him to amend.

Federal Rule of Civil Procedure 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order...." Fed. R. Civ. P. 41(b). A district court also has the inherent authority to dismiss an action *sua sponte,* with or without notice to the parties. See Rogers v. Kroger Co., 669 F.2d 317, 319 (5th Cir. 1982) (citing Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

Because Smith failed to comply with the Court's order (Doc. 6), IT IS RECOMMENDED

that the § 1983 complaint be DISMISSED WITHOUT PREJUDICE in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 3rd day of January, 2018.

Karen L. Hayes
United States Magistrate Judge